IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAPONZO M. DALLAS,

Plaintiff,

ORDER

04-cv-374-bbc

v.

RYAN BARTOW, Warden,
HSU STAFF, JOHN DOES,
U.W. HOSPITAL JOHN DOES,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAPONZO M. DALLAS,

Plaintiff,

ORDER

00-cv-0087-bbc

v.

JAN GAMBLE, Warden;
BILL McCREEDY (HSU)
STAFF; and SOCIAL
WORKER,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

These two cases were dismissed many years ago under 28 U.S.C. § 1915(g). If a prisoner such as Laponzo Dallas has received three "strikes" (which means that he filed three or more lawsuits in federal court that were dismissed for failure to state a claim upon which may be granted), he must prepay the full filing fee when he files additional lawsuits, unless

he is in imminent danger of serious physical danger. 28 U.S.C. § 1915(g). Although plaintiff had three "strikes" when he filed both of these cases. he did not prepay the full filing fee and I found that his allegations were insufficient to show that he was in imminent danger of serious physical injury.

In a new motion filed in both cases, plaintiff argues that § 1915(g) is unconstitutional and he asks the court to vacate the judgments in both cases. This argument is a nonstarter for two reasons. First, the motion is untimely. Under Fed. R. Civ. 59(e), arguments about legal errors must be brought within 28 days of entering judgment. Although there are exceptions in Fed. R. Civ. P. 60 in certain situations when a party could not have brought his motion earlier, Gleash v. Yuswak, 308 F.3d 758 (7th Cir. 2002), plaintiff identifies no reason he was unable to file his motion many years ago.

In any event, even if plaintiff's motion were timely, I could not grant it. In Lewis v. Sullivan, 135 F. Supp. 2d 954 (W.D. Wis. 2001), I concluded that § 1915(g) was unconstitutional, but the Court of Appeals for the Seventh Circuit reversed that decision on the ground that "there is no constitutional entitlement to subsidy." Lewis v. Sullivan, 279 F.3d 526, 528 (7th Cir. 2002). Thus, even if I agreed with plaintiff, I would be bound by Lewis.

It appears that plaintiff filed his motion because of current concerns about his medical treatment in the Milwaukee County jail. He alleges that he "continues to vomit up blood," but staff refuse to help him. As noted above, § 1915(g) includes an exception when a prisoner is in imminent danger of serious physical danger, so if plaintiff is suffering from

serious symptoms now, he may file a new complaint in which he asks the court to apply that exception.

I note that § 1915(g) is not plaintiff's only obstacle. In Dallas v. Gamble, 2 F. App'x 563, 564 (7th Cir. 2001), the court of appeals placed a filing bar on plaintiff until he paid all the filing fees he owes (at that time $255). Plaintiff has not paid the fees, so if he wants that bar to be lifted, he will have to seek relief from the Court of Appeals for the Seventh Circuit, not this court. However, as plaintiff knows from previous motions he has filed, I have recognized an exception to filing bars when a prisoner can show that he is in imminent danger of serious physical injury. Dallas v. Gamble, 448 F. Supp. 2d 1020, 1026 (W.D. Wis. 2006).

ORDER

IT IS ORDERED that plaintiff Lapanzo Dallas's motion to vacate the judgments in these cases, (dkt. #7 in case no. 04-cv-374-bbc and dkt. #12 in case no. 00-cv-87-bbc), is DENIED.

Entered this 20th day of October, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge