IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAPONZO M. DALLAS,

                              ORDER

        Plaintiff,

                              00-C-0087-C

  v.

JAN GAMBLE, Warden;
BILL McCREEDY (HSU)
STAFF; and SOCIAL
WORKER,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAPONZA MONROE DALLAS,

                              ORDER

        Plaintiff,

                              16-cv-720-bbc

  v.

THE COUNTY OF MILWAUKEE
and DAVID CLARKE,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff Laponza Dallas has filed what he calls a "Motion Pursuant to Fed. R. Civ. P. 60 and Fed. R. Civ. P. 59," which I construe as a motion for reconsideration of the order transferring case no. 16-cv-720-bbc to the Eastern District of Wisconsin. (In some documents, plaintiff calls himself "Laponza" and in other documents he calls himself

1

"Laponzo.")   I transferred case no. 16-cv-720-bbc because plaintiff's claim is that officials at the Milwaukee County jail violated his rights under the Eighth Amendment by refusing to provide medical treatment for a stomach condition that he has.  Because the events giving rise to the lawsuit occurred in the Eastern District of Wisconsin and the known defendants reside there, transfer was required under 28 U.S.C. § 1391(b).

In his motion, plaintiff says that case no. 16-cv-720-bbc should have remained in this district because that case "arose from" 00-cv-87-bbc, a case that plaintiff filed in this district in 2000.  Plaintiff does not explain his argument clearly, but I understand his position to be that venue is appropriate in the Western District of Wisconsin because case no. 00-cv-87-bbc raised a similar issue.  In particular, plaintiff alleged in case no. 00-cv-87-bbc that officials at the Kettle Moraine Correctional Facility refused to provide treatment for an unknown stomach condition.

Plaintiff's argument fails because I cannot consider case no. 00-cv-87-bbc in deciding the appropriate venue for case no. 16-cv-720-bbc.  The question under the venue statute is not whether a case raises an issue similar to one raised in another case filed years earlier in that district.  Rather, § 1391(b) required this court to consider the location of the parties and events relevant to case no. 16-cv-720-bbc.  It is undisputed that all the events relevant to case no. 16-cv-720 occurred in the Easter District of Wisconsin and that all known parties in that case reside in that district.

Case no. 00-cv-87-bbc has been closed for 17 years.  That case related to different prison officials at a different institution, so it has no bearing on venue in case no. 16-cv-720-

bbc.

ORDER

IT IS ORDERED that plaintiff Laponza Dallas's motion for reconsideration, dkt.#24 (in case no .00-cv-87-bbc) and dkt. #54 (in case no. 16-cv-720-bbc), is DENIED.

Entered this 1st day of August, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge